# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| THERESA WALSH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:18 CV 1492 CDP |
| | ) |
| CATHERINE MCCLELLAN, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This newly-filed case is before me for review of subject matter jurisdiction. Defendant American Family Insurance Company, S.I, removed this case from state court, alleging diversity of citizenship jurisdiction under 28 U.S.C. § 1332. On September 7, 2016, plaintiff filed this action in state court against defendant Catherine McClellan, seeking recovery for personal injuries from a car accident. Plaintiff added American Family Insurance as a defendant on July 11, 2018, nearly two years after this lawsuit began, seeking recovery for underinsured motorist coverage and vexatious delay in payment of the insurance policy. American Family removed this case to this Court on September 6, 2018, within 30 days after it was served on August 6, 2018. I ordered defendant American Family to show cause why this case should not be summarily remanded to state court.

After reviewing American Family's response and notice of removal and the complaint, I find the case was not timely removed under 28 U.S.C. § 1446(c)(1).

Therefore, I will remand this case to the Circuit Court of the City of St. Louis, Missouri, from which it was removed.

The removing defendant, as the party invoking jurisdiction, bears the burden of proving by a preponderance of the evidence that all prerequisites to jurisdiction are satisfied. *In re Prempro Prod. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010); *Central Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.,* 561 F.3d 904, 912 (8th Cir. 2009). Removal of a case is permissible when there is complete diversity of the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a) and § 1441(b). Remand is appropriate when the district court lacks subject matter jurisdiction over the action. 28 U.S.C. § 1447(c).

If a defendant receives a pleading or "other paper" signifying the satisfaction of federal jurisdictional requirements after the action has commenced, removal is permitted within thirty days of such notification. *Caterpillar v. Lewis*, 519 U.S. 61, 69 (1996). However, removal on the basis of diversity of citizenship is not permitted "more than 1 year after commencement of the action [.]" 28 U.S.C. § 1446(c)(1). A party is barred from asserting diversity jurisdiction as the basis for federal jurisdiction if removal occurs one year after the case commences. *Lindsey v. Dillard's Inc.*, 306 F.3d 596, 600 (8th Cir. 2002).

The time limits of removal statutes are mandatory and are construed in favor of state court jurisdiction. *McHugh v. Physicians Health Plan of Greater St. Louis, Inc.*,

953 F. Supp. 296, 299 (E.D. Mo. 1997). State law determines when an action is "commenced." *Winkels v. George A. Hormel & Co.*, 874 F.2d 567 (8th Cir. 1989). In Missouri, "a civil action is commenced by filing a petition with the court." Mo. Sup. Ct. R. 53.01. Amended pleadings do not commence a new action because an action can only be started once. *Arnold Crossroads, L.L.C. v. Gander Mountain Co.*, No. 4:10CV2173 HEA, 2011 WL 2983511, at *2 (E.D. Mo. July 22, 2011).

Here, American Family's notice of removal was untimely because it was filed two years after the case began. Plaintiff commenced this action in state court on September 7, 2016. Plaintiff then amended her petition to add American Family on July 11, 2018, and defendant was served on August 6, 2018. Defendant, asserting diversity jurisdiction under 28 U.S.C § 1332(a) as the basis for removal, removed this case on September 6, 2018. The notice of removal alleged that it was timely because it was filed within thirty days of the "initial pleading against it setting forth the claim for relief upon which action or proceeding is based[.]" 28 U.S.C. § 1446(b). American Family's response to my show cause order did not make any additional argument in support of timeliness.

While the notice itself was timely filed since it occurred within thirty days of service, this is irrelevant because the textual command of § 1446(c)(1) for removal based on diversity of citizenship is absolute: the one-year time limit begins when the action is commenced. Therefore, removal in this case is prohibited even though the

- 3 -

petition was amended to assert claims against a new party.  Similarly in *Vasseur v. Sowell*, plaintiff amended his petition and asserted a claim against a new defendant almost two years after the action commenced.  No. 6:18-03006-CV-RK, 2018 WL 3639834, at *1 (W.D. Mo. July 31, 2018).  There, defendant's notice of removal was untimely because it was filed nearly three years after the action commenced, which was "well beyond the one-year limitation for removal on diversity grounds."  *Id.* at 2; *see also Moris v. Chrysler Grp., LLC*, No. 14-4981-CV-SRN, 2015 WL 2373457, at *6 (D. Minn. May 18, 2015) (notice of removal as untimely when defendant removed the action over a year after it was commenced; plain language of § 1446(c)(1) prohibited removal).  American Family's removal was not timely because it occurred one year too late.

Accordingly,

**IS IT HEREBY ORDERED** this case is remanded to the Circuit Court of the City of St. Louis, Missouri, from which it was removed.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 25th day of October, 2018.